# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S.A. DAWGS, INC., a Nevada corporation,<br><br>         Plaintiffs,<br><br>vs.<br><br>CROCS, INC., a Delaware corporation; and DOES 1-10,<br><br>         Defendants, | Case No. 2:14-cv-01461-RFB-PAL<br><br>**ORDER** |

### I.    INTRODUCTION

Before the Court are Defendant Crocs' Motions to Dismiss. (ECF Nos. 5, 13). The Court has reviewed the parties' pleadings. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 13) is granted in part and denied in part. The Court finds that Defendant Crocs' Motion to Dismiss Pursuant to Nev Rev Stat § 41.660 is Dismissed/Denied without prejudice.

### II.   BACKGROUND

Plaintiff USA Dawgs ("Dawgs") filed its Complaint on September 10, 2014. (ECF No. 1). On September 17, 2014, Defendant Crocs ("Crocs") filed a Motion to Dismiss Pursuant to Nev. Rev. Stat. § 41.660. (ECF No. 5). On October 3, 2014, Defendant Crocs filed a Motion to Dismiss pursuant to FRCP 12(b)(6). (ECF No. 13).

As an initial matter, Plaintiff argues that "[i]n filing an anti-SLAPP motion (ECF No. 5), Defendant Crocs has impliedly consented to claim splitting and also waived its right to bring its present Motion." (ECF No. 13).

Defendant Crocs argue that the Court should exercise its discretion to dismiss Plaintiff Dawgs's duplicative lawsuit, due to Plaintiff's pre-existing counterclaims in the United States District Court of Colorado. Mot. Dismiss (ECF No. 13, at 8).

### III.  LEGAL STANDARD

In the Ninth Circuit, "the well-established 'first to file rule,' [] allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th Cir. 1991). "The first-to-file rule may be applied 'when a complaint involving the same parties and issues has already been filed in another district.'" Kohn, 787 F.3d at 1240 (quoting Alltrade, 946 F.2d at 625). "[A] court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." Kohn, 787 F.3d at 1240.

> Similarity of parties. "Regarding similarity of the parties, courts have held that the first-to-file rule does not require exact identity of the parties. Rather, the first-to-file rule requires only substantial similarity of parties." Id.   Similarity of issues. "The issues in both cases also need not be identical, only substantially similar. To determine whether two suits involve substantially similar issues, we look at whether there is 'substantial overlap' between the two suits." Id. at 1240-41.

### IV.  DISCUSSION

Here, Plaintiff argues that the issues in the Colorado and present action are different: "The Colorado action is primarily a patent infringement case, whereas this action is primarily an antitrust and unfair business practices case." Opp. Brief at 10. According to the Plaintiff, the Colorado counterclaims and Nevada claims are listed below:

**A.** Colorado counterclaims: (1) declaratory judgment for non-infringement of the '858 patent; (2) declaratory judgment for non-infringement of the '789 patent; (3) declaratory judgment of invalidity of the '858 patent; (4) declaratory judgment of invalidity of the '789 patent; (5) declaratory judgment of unenforceability of the '858 and '789 patents; (6) monopolization under Sherman Act Section 2; (7) attempted monopolization under Sherman Act Section 2; (8) deceptive trade practices; and (9) intentional interference with business advantage.

**B.** Nevada claims: (1) monopolization under Sherman Act Section 2; (2) attempted monopolization under Sherman Act Section 2; (3) violations of Clayton Act Section 3; (4) intentional interference with prospective economic advantage; and (5) violations of the Nevada Unfair Trade Practices Act. Id.

The Court finds that there is "substantial overlap" between the two cases, and that "the question [Dawgs] asks the [] District of [Nevada] to resolve is at the 'heart' of the [Colorado] [] action." Kohn, 787 F.3d at 1241. This finding is supported by the fact that the only dissimilar claim brought by Crocs in the present action is an alleged violation of Section 3 of the Clayton Act. The remaining four claims—violations of Section 2 of the Sherman Act, intentional interference with prospective economic advantage, and violations of the Nevada Unfair Trade Practices Act—mirror Dawgs's Colorado counterclaims.

The Court is unconvinced by Dawgs's distinction of the current claims as anti-trust claim and the Colorado counterclaims patent infringement claims. Facially, Dawgs's Colorado counterclaims for Sherman Act violations (attempted and actual monopolization) belies this argument. Furthermore, Dawgs admits that "[t]he crux of Dawgs' claims for monopolization and attempted monopolization, brought under Sherman Act Section 2 (15 U.S.C. § 2), is that Crocs (1) fraudulently procured patents from the USPTO by failing to disclose known material, invalidating prior art and (2) initiated bad-faith patent infringement litigation intended to secure or preserve an unlawful monopoly." Opp. Brief at 1.

The substantial overlap of anti-trust and patent violations is further supported by Dawgs's Walker Process claim: "Dawgs' first theory of Section 2 liability falls under the Supreme Court's decision in Walker Process. To allege a Walker Process claim, Dawgs must have alleged that (1) Crocs obtained its patents by knowingly and willfully misrepresenting facts to the USPTO; (2) Crocs was aware of the fraud when bringing suit; (3) Crocs intended to deceive the patent examiner; and (4) Crocs would not have obtained its patent but for the alleged misrepresentations—that is, the misrepresentation was material." Id. at 19.

The Court finds that Dawgs's own characterization of its Nevada claims as predicated upon patent infringements undermines the argument that the "patent Colorado case" involves dissimilar issues. Therefore, the Court finds that the final, "similarity of issues" requirement is met.

**CONCLUSION**

**The Court, having found that the three Kohn factors for the "first to file" test are satisfied, exercises its discretion to transfer the present case to Colorado.**

THEREFORE, the Court will not address the Plaintiff Dawg's stipulation that it will dismiss its alleged non-compulsory, non-patent counterclaims in the Colorado action. Opp. Brief at 7.

Additionally, the Court will not address Defendant Croc Inc's argument that the Court should dismiss Dawgs's complaint pursuant to FRCP 12(b)(6), for failure to state a claim upon which relief can be granted.

The Court will also not address Defendant Croc Inc's Motion to Dismiss (ECF No. 5) regarding the barring of Plaintiff Dawg's state law claims under Nevada's anti-SLAPP statute.

IT IS ORDERED that Defendant Crocs, Inc.,'s Motion to Dismiss is GRANTED in part and DENIED in part. (ECF No. 13).

IT IS FURTHER ORDERED that Defendant Crocs, Inc.,'s Motion to Dismiss Pursuant to Nev Rev Stat § 41.660 is DISMISSED/ DENIED without prejudice. (ECF No. 5)

IT IS FURTHER ORDERED that the Clerk of the Court SHALL TRANSFER this above-entitled action to the Colorado District Court for all further proceedings.

/ / /
/ / /
/ / /

1  IT IS FURTHER ORDERED that the present action under the above-captioned case SHALL
2  BE CLOSED by the Clerk of Court.
   DATED this 28th day of September, 2015.

                                                                                            _____
                                                                                            RICHARD F. BOULWARE, II
                                                                                            UNITED STATES DISTRICT JUDGE